JKB/mm/225499

1434-5-51

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PROMATEK INDUSTRIES, LTD., a Canadian corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) 00C 4999 ) |
| EQUITRAC CORPORATION, a Florida corporation, | ) Jury Demanded ) ) |
| Defendant. | ) ) |



DOCKETED AUG 17 2000

JUDGE SHADUR

MAGISTRATE JUDGE LEVIN

## COMPLAINT

Plaintiff, Promatek Industries, Ltd. ("Promatek"), by and through its attorneys, for its Complaint against the Defendant, Equitrac Corporation ("Equitrac") states as follows:

### PARTIES

1. Plaintiff Promatek Industries, Ltd. ("Promatek") is a corporation organized and existing under the laws of Canada having its central place of business at 8390 Mayrand, Montreal, Quebec, Canada. Promatek manufactures and sells through its authorized distributors throughout the United States and Canada, including in this judicial district, systems to facilitate billing of clients for photocopying and other expenses such as facsimile machines ("cost-recovery systems"). Promatek manufactures and sells its cost recovery systems under its tradename "Copitrak." Sales in the United States are made through Promatek's distributor, Control Systems, Inc. ("CSI").

2. Defendant Equitrac Corporation ("Equitrac") is a corporation organized and existing under the laws of the State of Florida having its principal place of business at 836 Ponce

de Leon Boulevard, Coral Gables, Florida. Equitrac is in the same business as Promatek and CSI and is a business competitor of Promatek and CSI throughout the United States and Canada, including in this judicial district.

## JURISDICTION AND VENUE

3. This action involves claims arising under the Trademark Act of the United States, commonly known as the Lanham Act, 15 U.S.C. §§1051-1127. This Court has jurisdiction pursuant to 15 U.S.C. §1121, 28 U.S.C. §§1331 and 1338, and the principle of supplemental jurisdiction.

4. Venue in this district is appropriate pursuant to 28 U.S.C. §1391 (a), (b) and (c), as this cause of action rises in the wake of Defendant's commercial dealings in this district. Defendant is doing and transacting business in this judicial district, sells its products in this judicial district, and sells its products over the Internet through interactive web sites accessible worldwide, including in this district.

## GENERAL FACTUAL ALLEGATIONS

5. Promatek is a Canadian company which manufactures and sells, in the United States and Canada, systems to facilitate the billing of clients for photocopying and other expenses, such as for copy and facsimile machines. Promatek manufactures and sells its cost recovery systems under its trademark "Copitrak." Promatek has been using the trademark Copitrak since October, 1983.

6. Promatek has applied for and obtained registration for the Copitrak mark in the United States. Promatek registered the Copitrak trademark with the United States Patent and Trademark Office. The copyright was last renewed on November 5, 1996. Promatek's United States trademark registration for the Copitrak mark (identified by the registration no. 2,013,830)

2

is valid and enforceable. A Certificate of Registration, which is prima facie evidence of Promatek's ownership and exclusive right to use the Copitrak mark in commerce in connection with goods and services described in the Certificate of Registration, is attached as Exhibit A.

7. Promatek's copyright mark is inherently distinctive and famous within the cost recovery, meter reading and copy counting industries. In addition, Promatek's Copitrak mark has by means of extensive use and promotion for more than 15 years become associated with Promatek, such that the Copitrak mark identifies Promatek as the sole source in origin of the goods and services provided under the Copitrak mark.

8. As is stated above, Promatek's use of Copitrak as a trademark dates back to 1983, when it first used Copitrak as a trademark for photocopying machine counters. Its rights in the Copitrak mark long pre-date any use by the Defendant of any mark, name or designation which includes Copitrak, or any other word substantially similar to Copitrak.

9. With the explosive growth of the World Wide Web, most Internet "surfers" no longer wander aimlessly through cyberspace. Instead, users increasingly turn to complex search engines to reach web sites which contain the desired information. The process is simple. The user provides the search engine with certain key words or phrases. The engine then retrieves a list of web sites which contain those words or phrases. The search engines accomplish their indexing through the use of "spiders" or "bots."

10. In addition to indexing the visible contents of a web site, the spider also retrieves information contained in the invisible portion of a site's Hyper Text Market Language (HTML) code. A meta tag is an invisible line of HTML code which contains information about a web site. By manipulating the contents of meta tags, the site owner can vie for favorable positioning in search engine indices. Some web sites take this competitive scheme to the next level. By

3

embedding the names and trademarks of competitors in their meta tags, they attempt to misdirect cyber traffic away from the competition to their own sites.

11. Promatek has discovered that Equitrac has used and is using "Copitrack" as a meta tag on its website, www.equitrac.com.

12. By using the virtual identical designation of Promatek's Copitrak mark, Equitrac is directing customers and potential customers of Promatek and CSI to Equitrac.

## COUNT I
## Trademark Infringement

13. Promatek incorporates by reference herein the allegations contained in Paragraphs 1 through 12 above.

14. This cause of action arises under Section 32 of the Trademark Act, 15 U.S.C. §1114.

15. Defendant's use of "Copitrack" in its meta tags without Promatek's consent in commerce constitutes a reproduction, counterfeit, copy, or colorable imitation of the Copitrak mark which is the subject of United States Trademark Registration No. 2,013,830.

16. Defendant's use of the designation "Copitrack" as a meta tag is likely to cause confusion and/or to cause mistake, and/or to deceive with respect to Promatek's Copitrak mark, which is the subject of a United States trademark registration.

17. Upon information and belief, Defendant's use of "Copitrack" is intended to, and with knowledge that it will, cause confusion, or cause mistake or deceive.

18. Defendant's actions constitute trademark infringement in violation of Section 32 of the Trademark Act, 15 U.S.C. §1114, resulting in continuing and irreparable harm to Promatek, for which there is no adequate remedy at law.

19. At the time Defendant first adopted and used "Copitrack", Defendant was on constructive notice pursuant to Section 22 of the Trademark Act, 15 U.S.C. §1072, of Promatek's ownership of the Copitrak mark and the registration thereof.

20. Defendant will, unless restrained by this Court, continue to infringe upon Promatek's registered mark.

21. Upon information and belief, Defendant has engaged in this conduct willfully and in complete disregard of, or with indifference to, Promatek's rights and interests.

22. Promatek has suffered and will suffer great damage as a result of Defendant's infringement.

23. This is an exceptional case as defined in Section 35 of the Trademark Act, 15 U.S.C. §1117.

## COUNT II
## Unfair Competition

24. Promatek incorporates by reference herein the allegations contained in Paragraphs 1 through 23 above.

25. This cause of action arises under Section 43(a) of the Trademark Act, 15 U.S.C. §1125(a).

26. Defendant's use of "Copitrack" in commerce is likely to cause confusion, or to cause mistake, or to deceive as to Defendant's affiliation, connection, or association with Promatek, or as to the origin, sponsorship, or approval of Defendant's goods by Promatek.

27. Upon information and belief, Defendant's use of "Copitrack" is intended to, and with knowledge that it will, cause confusion, or cause mistake or deceive.

5

28. Defendant's acts violate Section 43(a) of the Trademark Act, 15 U.S.C. §1125(a), resulting in continuing irreparable harm to Promatek, for which there is no adequate remedy at law.

29. Defendant will, unless restrained and enjoined by this Court, continue to cause confusion, or mistake, or to deceive as to affiliation, connection, association, origin, sponsorship, or approval.

30. Upon information and belief, Defendant has engaged in this conduct willfully and in complete disregard of, or with indifference to, Promatek's rights and interests.

31. Promatek has suffered and will continue to suffer great damage as a result of Defendant's unfair competition and false representations.

32. This is an exceptional case as defined in Section 35 of the Trademark Act, 15 U.S.C. §1117.

## COUNT III
### Trademark Dilution

33. Promatek incorporates by reference herein the allegations contained in Paragraphs 1 through 32 above.

34. Promatek's mark was famous, highly distinctive and widely recognized, and achieved fame well prior to any use of Promatek's mark in violation of the trademark laws of the United States, 15 U.S.C. §1125(c)(1).

35. By reason of Defendant's acts set forth above, Promatek has been severely injured in its business and property. The injury to Promatek is and continues to be immediate and irreparable. An award of monetary damages alone cannot fully compensate Promatek for its injuries and Promatek lacks an adequate remedy at law.

6

36. The foregoing acts of dilution resulted from the Defendant's willful intention to trade upon Promatek's reputation, making this an exceptional case within the meaning of §1125(c)(2) and entitling Promatek to the remedies set forth in the trademark laws of the United States, 15 U.S.C. §§1117 and 1118.

## COUNT IV
### Deceptive Practices

37. Promatek incorporates by reference herein the allegations contained in Paragraphs 1 through 36 above.

38. Defendant's use of Promatek's trademark is likely to cause confusion or misunderstanding on the part of consumers as to source, sponsorship, affiliation, connection, association, certification or approval of Defendant's goods and services.

39. As a result of these aforesaid acts, Defendant has been and is engaged in deceptive trade practices within the meaning of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq. and the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 et seq. and similar statutes and/or the common law from other States.

40. Upon information and belief, Defendant has willfully engaged in the above-described acts in Illinois and in this judicial district and elsewhere.

41. By reason of Defendant's acts set forth above, Promatek has been severely injured in its business and property. The injury to Promatek is and continues to be immediate and irreparable. An award of monetary damages alone

## JURY DEMAND

Plaintiff prays for trial by jury on all triable issues.

7

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Promatek Industries, Ltd. demands and prays for judgment against the Defendant, Equitrac Corporation as follows:

1. For a finding that Defendant:

    (a) has infringed upon Promatek's proprietary rights in and to its Copitrak mark and the registration thereof;

    (b) has competed unfairly with Promatek; and

    (c) has diluted the distinctive quality of Promatek's Copitrak mark, all as previously alleged herein;

2. That the Defendant be required to account for and pay to Promatek all gains, profits, and advantages derived by the Defendant and all damages due Promatek from such infringement, unfair competition, dilution and false designation of origin, and/or for recovery of any other damages or remedies that should otherwise appear proper;

3. That Defendant be required to pay Promatek an amount equal to treble the amount of all damages incurred by Promatek as a result of Defendant's infringement and unfair competition;

4. That Defendant, all persons under Defendant's control, all persons controlling Defendant, and all persons acting in consort or participation with Defendant, be preliminary and permanently enjoined from:

    (a) further use, in interstate commerce or otherwise, of "Copitrak" or any confusingly similar variations or simulations of Promatek's Copitrak mark;

    (b) otherwise infringing Promatek's property rights and its Copitrak mark;

    (c) further diluting the distinctive quality of Promatek's Copitrak mark and/or injuring the business reputation of Promatek;

(d) competing unfairly with Promatek in any manner by continuing to use "Copitrack" or any confusingly similar variation or simulation of Promatek's Copitrak mark;

(e) further damaging Promatek's good will and reputation in its Copitrak mark by representing that Defendant has some business relationship, sponsorship or affiliation with Promatek;

5. That the Defendant be required, pursuant to Section 36 of the Trademark Act, 15 U.S.C. §1118, to deliver up to this Court or to the authorized agents of Plaintiff, all advertising and promotional materials, labels, boxes, cartons, brochures, business stationary, information sheets, posters, pamphlets, signs, plaques and other printed or graphic materials of any type, including the plates, molds or any other means of producing the same, which bear the designation "Copitrack", or any confusingly similar variation or simulation thereof or of Promatek's Copitrak mark, and that such materials be destroyed;

6. That Defendant be required to delete and/or change all references to "Copitrak," or any confusingly similar variation or simulation thereof, of Promatek's Copitrak mark, on any existing inventory before such inventory is offered for sale;

7. That Defendant be required to delete and/or change all references to "Copitrak", or any confusingly similar variation or simulation thereof or of Promatek's Copitrak mark, on any telephone, business, or other directory, publication, or listing, including any web site or other Internet listings or postings;

8. That Defendant be required to post a message on all of its web pages for two years explaining the lack of any relationship between Equitrac and Copitrak and directing visitors to Promatek's web site;

9

9. That Defendant pay to Promatek all costs of this action and Promatek's reasonable attorneys' fees pursuant to the provisions of Section 35 of the Trademark Act, 15 U.S.C. §1117, because of the calculated, willful and deliberate nature of Defendant's activity;

10. That the Defendants be directed to file with this Court and upon Promatek within thirty (30) days after entry of the Order of Judgment, report, in writing and under oath, setting forth in detail the manner and form in which Defendant has complied with the Court's Order;

11. That the Defendant pay Plaintiff punitive damages;

12. That Promatek be awarded such other further and general relief to which it may be entitled.

PROMATEK INDUSTRIES, LTD.

By: _____
One of Its Attorneys

John P. Maniatis
James K. Borcia
Brian C. Kelly
TRESSLER, SODERSTROM, MALONEY & PRIESS
233 South Wacker Drive
Sears Tower, 22nd Floor
Chicago, IL 60606
(312) 627-4000

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
PROMATEK INDUSTRIES, LTD., a Canadian corporation

**DEFENDANTS**
EQUITRAC CORPORATION, a Florida corporation

**00C 4999**

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Quebec
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Broward
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
John P. Maniatis, James K. Borcia, Brian C. Kelly
Tressler, Soderstrom, Maloney & Priess
233 S. Wacker Drive, 22nd Floor
Chicago, IL 60606

ATTORNEYS (IF KNOWN)

JUDGE SHADUR
MAGISTRATE JUDGE LEVIN

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☒ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

15 U.S.C. Section 1121, 28 U.S.C. Sections 1331 and 1338

**DOCKETED**
AUG 17 2000

**VII. REQUESTED IN COMPLAINT**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

**VIII. This case**
☐ is not a refiling of a previously dismissed action.
☐ is a refiling of case number _____, previously dismissed by Judge _____

DATE: 8/15/2000

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**In the Matter of**
PROMATEK INDUSTRIES, LTD., a Canadian corporation,
v.
EQUITRAC CORPORATION, a Florida corporation.

Case Number: 00C 4999

Jury Demanded

FILED-EDS
00 AUG 15 PM 4:16
CLERK
U.S. DISTRICT COURT

**APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:**

PROMATEK INDUSTRIES, LTD.

JUDGE SHADUR
MAGISTRATE JUDGE LEVIN

| (A) | (B) |
|---|---|
| SIGNATURE *[signed]* | SIGNATURE *[signed]* |
| NAME: John P. Maniatis | NAME: James K. Borcia |
| FIRM: Tressler, Soderstrom, Maloney & Priess | FIRM: same |
| STREET ADDRESS: 233 S. Wacker Drive, 22nd Floor | STREET ADDRESS: |
| CITY/STATE/ZIP: Chicago, IL 60606 | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: (312) 627-4000 | TELEPHONE NUMBER: |
| IDENTIFICATION NUMBER: 6183274 | IDENTIFICATION NUMBER: 6200926 |
| MEMBER OF TRIAL BAR? YES [X] NO [ ] | MEMBER OF TRIAL BAR? YES [X] NO [ ] |
| TRIAL ATTORNEY? YES [X] NO [ ] | TRIAL ATTORNEY? YES [X] NO [ ] |
| | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [X] |

DOCKETED AUG 17 2000

| (C) | (D) |
|---|---|
| SIGNATURE *[signed]* Brian Kelly | SIGNATURE |
| NAME: Brian C. Kelly | NAME: |
| FIRM: same | FIRM: |
| STREET ADDRESS: | STREET ADDRESS: |
| CITY/STATE/ZIP: | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: | TELEPHONE NUMBER: |
| IDENTIFICATION NUMBER: 6256186 | IDENTIFICATION NUMBER: |
| MEMBER OF TRIAL BAR? YES [ ] NO [X] | MEMBER OF TRIAL BAR? YES [ ] NO [ ] |
| TRIAL ATTORNEY? YES [ ] NO [X] | TRIAL ATTORNEY? YES [ ] NO [ ] |
| DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [X] | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |

**PLEASE COMPLETE IN ACCORDANCE WITH INSTRUCTIONS ON REVERSE.**